### HARDEN v. HOOPS.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. DEPOSITIONS (§ 32*)—PROCURING COMMISSION—NAMES OF WITNESSES.
    A commission to take the testimony of witnesses on interrogatories will issue only when the names of the witnesses are given in the application for the commission.
    [Ed. Note.—For other cases, see Depositions, Cent. Dig. § 41; Dec. Dig. § 32.*]

2. DEPOSITIONS (§ 59*)—RIGHT TO COMMISSION.
    The fact that the witnesses to be examined on a commission are attorneys, and that the testimony sought relates to confidential communications with their clients, is no objection to the issue of the commission, as the privilege may be waived.
    [Ed. Note.—For other cases, see Depositions, Dec. Dig. § 59.*]

3. DEPOSITIONS (§ 37*)—RIGHT TO SECOND COMMISSION.
    The fact that a motion for an open commission to take testimony has been denied is no reason for the denial of a motion for a commission to take the depositions on written interrogatories.
    [Ed. Note.—For other. cases, see Depositions, Dec. Dig. § 37.*]

Appeal from Special Term, New York County.

Action by Percival L. Harden against William T. Hoops. From an order denying a motion for a commission to take testimony of non-resident witnesses, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

I. N. Jaconson, for appellant.
Edward D. Brown, for respondent,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLER, J.   The moving papers show that the plaintiff wishes to examine the proprietors, managers, and bookkeepers of certain hotels in New Jersey; but only one, Mr. A. B. Hammond, is named.   A commission may only issue to take the testimony upon interrogatories of witnesses named therein, and necessarily, therefore, named in the moving papers.   Section 897 of the Code of Civil Procedure; Lazarus v. Schroder, 49 App. Div. 393, 63 N. Y. Supp. 359.

The plaintiff also desires to take the depositions of three witnesses, named, residing in Chicago, in the state of Illinois.   It sufficiently appears that the witnesses named in the moving papers are material witnesses.   It is objected that the plaintiff wishes to examine the Chicago witnesses, who are attorneys, relative to confidential communications made to them by their client; but we are unable to tell from the moving papers how much of the examination sought will be privileged.   Besides, the client may waive the privilege.   Questions of this sort can only be determined when they actually arise.

A commission issues as a matter of course to take the testimony of material witnesses residing without the state.   The fact that a motion for an open commission had been denied was no reason for the denial of a motion for a commission to take the depositions upon written interrogatories.

The order should be reversed, with $10 costs and disbursements, and an order granted, directing that a commission issue to examine upon written interrogatories the witnesses named in the moving papers.   All concur.